IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DR. GAVIN CLARKSON, an individual

    Plaintiff,

v.                                              Civ. No. 2:18-cv-00870-KRS-GBW

BOARD OF REGENTS OF NEW MEXICO
STATE UNIVERSITY, DAN HOWARD in his
individual capacity and official capacity as
Provost; JAMES HOFFMAN in his individual
capacity and official capacity as Dean; ENRICO
PONTELLI in his individual capacity and
official capacity as Hearing Officer, and
NANCY ORETSKIN in her individual capacity
and official capacity.

    Defendants.

## DEFENDANT PONTELLI'S ANSWER TO FIRST AMENDED COMPLAINT

    COMES NOW Defendant, Enrico Pontelli ("Pontelli"), by and through his attorneys of record, Conklin, Woodcock & Ziegler, P.C. (Christa M. Hazlett and Darin A. Childers), and for his Answer to Plaintiff's First Amended Complaint, states as follows:

RESPONSE TO JURISDICTION AND VENUE

    1.    Paragraph 1 of the Amended Complaint is a statement of law or request for relief to which no response is required. To the extent a response is required of Pontelli, the allegations in Paragraph 1 are denied.

    2.    Paragraph 2 of the Amended Complaint is a statement of law to which no response is required. To the extent a response is required of Pontelli, the allegations of Paragraph 2 are denied.

1

## RESPONSE TO FACTS COMMON TO ALL CLAIMS FOR RELIEF

3. In response to the allegations contained in Paragraph 3, Pontelli admits that Dr. Clarkson was an Associate Professor in the College of Business at New Mexico State University ("NMSU") until April 27, 2018. Upon information and belief, Pontelli admits that Dr. Clarkson is an enrolled member of the Choctaw Nation, a federally recognized tribe. Pontelli is without sufficient information to admit or deny the remaining allegations of Paragraph 3, and therefore denies same.

4. Upon information and belief, Pontelli admits that Dr. Clarkson received a BA and an MBA from Rice University, is a *cum laude* graduate of Harvard Law School, and was President of the Native American Law Students Association and Managing Editor of the Harvard Journal of Law and Technology. Pontelli is without sufficient information to admit or deny the remaining allegations of Paragraph 4 and therefore denies same.

5. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 5, and therefore denies same.

6. Pontelli admits that Plaintiff's appointment to the NMSU faculty required him to be the faculty advisor to the Native American Business Students Association and to develop new courses related to tribal economic development. Pontelli denies the remaining allegations of Paragraph 6 of the Complaint.

7. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 7 and therefore denies same.

8. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 8 and therefore denies same.

9. Pontelli admits that Dr. Clarkson requested a leave of absence until January 2020, and that Provost Daniel Howard granted a leave of absence until January 2020 in a letter dated June 28, 2017.  All other allegations contained in Paragraph 9 are denied.

10. Upon information and belief, Pontelli admits that Provost Howard's letter stated that Dr. Clarkson's tenure clock would be stopped during his leave.  Pontelli denies the remaining allegations contained in Paragraph 10.

11. Pontelli admits the allegations contained in Paragraph 11 of the Complaint.

12. Pontelli admits the allegations contained in Paragraph 12 of the Complaint.

13. Pontelli states that Paragraph 13 accurately states, in part, a portion of New Mexico State University ("NMSU") Administrative Rules and Procedures § 8.53.  Pontelli denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Pontelli is without sufficient information to admit or deny the allegations contained in Paragraph 14 and therefore denies the same.

15. Pontelli denies that he ever discriminated against Plaintiff and denies knowledge of any discrimination against Plaintiff by NMSU.  Pontelli is without sufficient information to admit or deny the remaining allegations contained in Paragraph 15 and therefore denies the same.

16. Pontelli is without sufficient information to admit or deny the allegations contained in Paragraph 16, and therefore denies same.

17. Paragraph 17 of the Complaint is vague and confusing and it appears directed at another party. Pontelli denies the same.

18. Pontelli is without sufficient information to admit or deny the allegations contained in Paragraph 18, and therefore denies same.

19. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 19 and therefore denies same.

20. Regarding Paragraph 20, Pontelli admits there was a news story alleging that Plaintiff had resigned from his post as the Deputy Assistant Secretary for Policy and Economic Development in the Dept. of the Interior, but is without sufficient information to admit or deny the remaining allegations of Paragraph 20 and therefore denies same.

21. Regarding Paragraph 21, Pontelli admits that the news story came to the attention of Provost Howard on Nov. 15, 2017, but is without sufficient information to admit or deny the remaining allegations of Paragraph 21 and therefore denies same.

22. Pontelli admits the first sentence of Paragraph 22, but is without sufficient information to admit or deny the remaining allegations of Paragraph 22 and therefore denies same.

23. Pontelli is without information to admit or deny the allegations of Paragraph 23 and therefore denies same.

24. Pontelli is without information to admit or deny the allegations of Paragraph 24 and therefore denies same.

25. Pontelli admits that Plaintiff's resignation from the U.S. Department of the Interior resulted in the revocation of Plaintiff's leave. Pontelli denies all other allegations contained in Paragraph 25.

26. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 26 and therefore denies same.

27. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 27 and therefore denies same.

28. Pontelli admits the allegations of Paragraph 28.

29. In regard to Paragraph 29, Pontelli admits that Plaintiff sent an email to Hari Sankaran stating that Plaintiff was running for Congress. Pontelli is without sufficient information to admit or deny the remaining allegations in Paragraph 29 and therefore denies same.

30. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 30 and therefore denies same.

31. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 31 and therefore denies same.

32. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 32 and therefore denies same.

33. Pontelli admits the first sentence of Paragraph 33, but is without sufficient information to admit or deny the remaining allegations of Paragraph 33 and therefore denies same.

34. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 34 and therefore denies same.

35. Upon information and belief, Pontelli admits that Professor Sankaran sent a Doodle Poll request to Dr. Clarkson for a meeting to discuss and reevaluate the leave of absence that was granted to Plaintiff. Pontelli is without sufficient information to admit or deny the remaining allegations contained in Paragraph 35 and therefore denies same.

36. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 36 and therefore denies same.

37. Pontelli admits the first sentence of Paragraph 37. Pontelli admits that many faculty were paid on January 12 2018, for the pay period of January 1 through January 15, 2018. If any other allegations are intended by Paragraph 37, they are denied.

38. Pontelli admits that Paragraph 38 accurately recites a portion of an email sent by Professor Sankaran on January 11, 2018. If other allegations are intended by this Paragraph, they are denied.

39. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 39 and therefore denies same.

40. Pontelli admits that Provost Howard sent Plaintiff a letter via email on January 12, 2018, stating that his leave was revoked and telling him to return to duty on January 16, 2018, or resign. Pontelli admits that January 12, 2018, was the day before the Martin Luther King holiday weekend. Pontelli denies any remaining allegations in Paragraph 40.

41. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 41 and therefore denies same.

42. Upon information and belief, Pontelli admits the allegations of Paragraph 42.

43. Pontelli denies the allegations of Paragraph 43.

44. Pontelli admits that Plaintiff attended the College of Business convocation, but is without sufficient information to admit or deny the remaining allegations of Paragraph 44, and therefore denies same.

45. Pontelli denies the allegations of Paragraph 45.

46. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 46 and therefore denies same.

47. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 47 and therefore denies same.

48. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 48 and therefore denies same.

49. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 49 and therefore denies same.

50. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 50 and therefore denies same.

51. Pontelli admits that Plaintiff told Provost Howard that he was willing to teach classes. Pontelli denies all remaining allegations of Paragraph 51.

52. Pontelli is without sufficient information to admit or deny the allegations contained in Paragraph 52 and therefore denies same.

53. Pontelli admits that Professor Sankaran emailed Plaintiff on Friday, January 19, 2018, at 10:34 a.m., stating that Plaintiff had been scheduled to teach three mini-mester courses during the spring 2018 semester. Pontelli is without sufficient information to admit or deny the remaining allegations of Paragraph 53, and therefore denies same.

54. Pontelli admits that there is no mention of attorneys in Professor Sankaran's email of January 19, 2018, at 10:34 a.m., but denies all remaining allegations of Paragraph 54.

55. The allegations of Paragraph 55 do not appear to be directed at Pontelli and he is without sufficient information to admit or deny the allegations of Paragraph 55, and therefore denies same.

56. Pontelli denies the allegations of Paragraph 56.

57. Pontelli admits that on January 24, 2018, a letter was sent to Plaintiff from Provost Howard proposing Plaintiff's termination. Pontelli is without sufficient information to admit or deny the remaining allegations in Paragraph 57 and therefore deny same.

58. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 58 and therefore denies same.

59. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 59 and therefore denies same.

60. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 60 and therefore denies same.

61. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 61 and therefore denies same.

62. Pontelli admits that in late February 2018, NMSU suggested that the hearing be postponed and Dr. Clarkson agreed to postpone the Pre-Action Hearing. If any other allegations are intended by this paragraph, they are denied.

63. Pontelli admits that the Pre-Action Hearing took place on Friday, April 13, 2018, but is without sufficient information to admit or deny the remaining allegations of Paragraph 63 and therefore denies same.

64. Pontelli admits that he served as the hearing officer for the pre-action Determination Hearing that he reported to Provost Howard, and that Plaintiff voiced objection at the hearing to Pontelli serving as the hearing officer. Pontelli denies the remaining allegations of Paragraph 64.

65. The allegations of Paragraph 65 are ambiguous and confusing, in part because it is not clear to whom the allegations refer, and Pontelli denies the same. Pontelli further states that the hearing recording and his Final Determination speak for themselves.

66. Pontelli denies the allegations of Paragraph 66. The hearing recording and his Final Determination speak for themselves.

67. The allegations of Paragraph 67 are ambiguous and confusing, in part because it is not clear to whom the allegations refer, and Pontelli denies the same. Pontelli further states that the hearing recording and his Final Determination speak for themselves.

68. Pontelli denies the allegations of Paragraph 68.

69. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 69 and therefore denies same.

70. Pontelli admits that his Final Determination was to uphold the proposed termination of Plaintiff, but denies the remaining allegations of Paragraph 70.

71. Pontelli denies the allegations of Paragraph 71.

72. Pontelli admits that the portion of Paragraph 72 that appears in quotations also appears in his Final Determination narrative and that he ruled in favor of upholding the proposed termination. Pontelli denies all remaining allegations in Paragraph 72.

73. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 73 and therefore denies same.

74. Pontelli admits the allegations of Paragraph 74.

75. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 75 and therefore denies same.

## RESPONSE TO FIRST CAUSE OF ACTION
### (Breach of Contract)

76. In response to Paragraph 76, Pontelli incorporates all preceding paragraphs as through fully set forth herein.

77. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 77 and therefore denies same.

78. Pontelli denies the allegations of Paragraph 78.

9

79. Pontelli denies the allegations of Paragraph 79.

80. Pontelli denies the allegations of Paragraph 80.

81. Pontelli denies the allegations of Paragraph 81.

## RESPONSE TO SECOND CAUSE OF ACTION
### (Rights to Due Process of Law – 42 U.S.C. § 1983)

82. In response to Paragraph 82, Pontelli incorporates all preceding paragraphs as through fully set forth herein.

83. The allegations of Paragraph 83 of the Amended Complaint are statements or conclusions of law to which no response is required. To the extent a response is required, Paragraph 83 is denied.

84. The allegations of paragraph 84 are vague and confusing and are therefore denied.

85. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 85, and therefore denies the same.

86. Pontelli denies the allegations of Paragraph 86.

87. Pontelli denies the allegations of Paragraph 87.

88. Pontelli admits that NMSU policy states that due process will be afforded to regular faculty prior to termination. If any other allegations are intended by Paragraph 88, they are denied.

89. Pontelli denies the allegations of Paragraph 89.

90. Pontelli denies that Plaintiff was denied a meaningful opportunity to present evidence at the hearing or denied access to relevant documents as alleged in Paragraph 90, and he is without sufficient information to admit or deny the remaining allegations of Paragraph 90 and therefore denies same.

91. Pontelli is without sufficient information to admit or deny the allegations of Paragraph 91 and therefore denies same.

92. Pontelli denies the allegations of Paragraph 92.

93. Pontelli denies the allegations of Paragraph 93.

## RESPONSE TO RELIEF SOUGHT

94. Pontelli denies that Plaintiff is entitled to any of the relief sought in Paragraphs 94 through 98, and ask that the Court award fees and costs to him as appropriate.

## GENERAL DENIAL

Pontelli denies all allegations of the Complaint which are not specifically admitted above.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims may be barred by Plaintiff's failure to exhaust the administrative remedies available to him via NMSU's post termination appeal process.

## SECOND AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims may be barred by the doctrine of sovereign immunity and/or qualified immunity, including but not limited to immunity granted by the 11th Amendment to the U.S. Constitution and immunity granted under the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

## THIRD AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims may fail to state a claim for which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

If an express or implied contract existed, Plaintiff's rights and remedies are limited by the terms, conditions, policies and procedures contained in such alleged contract.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be limited or barred in whole or in part by her failure to comply with or exhaust the grievance procedure or other administrative procedures or remedies.

## EIGHTH AFFIRMATIVE DEFENSE

Depending on discovery, Plaintiff's First Amended Complaint may be barred in whole or in part by Plaintiff's failure to mitigate his damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint may be barred by the doctrines of waiver and estoppel.

## TENTH AFFIRMATIVE DEFENSE

Pontelli had legitimate, non-discriminatory and non-retaliatory reasons for all actions taken with respect to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

All of Pontelli's actions were justified and/or privileged, they acted in good faith, pursuant to bona fide legitimate business rights, reasons, purposes, or privileges, and he acted without improper motive, improper means, wrongful act or intent to injure the Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Depending on discovery, Plaintiff's claims and/or his damages may be barred or limited, in whole or in part, based on the doctrine of after acquired evidence.

FOURTEENTH AFFIRMATIVE DEFENSE

The actions complained of were taken due to the Plaintiff's actions, the Plaintiff's performance, or other legitimate business purpose unrelated to discrimination or retaliation.

FIFTEENTH AFFIRMATIVE DEFENSE

Pontelli hereby gives notice that he intends to rely upon any other defense that may become available or appear during the proceedings in this case and hereby reserves his right to amend his Answer to assert such defense(s).

**WHEREFORE**, having answered Plaintiff's First Amended Complaint fully, Defendant Pontelli respectfully requests that it be dismissed and that he be awarded his fees and costs and such further relief as the Court deems just and proper.

Respectfully Submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.


By:  */s/ Darin A. Childers*
      Christa M. Hazlett
      Darin A. Childers
      320 Gold SW, Suite 800
      Albuquerque, NM 87102
      (505) 224-9160
      *Attorneys for Defendant Pontelli*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of September, 2019, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Brian J. Pezzillo
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
bjp@h2law.com

*/s/ Darin A. Childers*
Darin A. Childers