IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DR. GAVIN CLARKSON, an individual

      Plaintiff,

v.                                                                           Civ. No. 2:18-cv-00870-KRS-GBW

BOARD OF REGENTS OF NEW MEXICO
STATE UNIVERSITY, DAN HOWARD in his
individual capacity and official capacity as
Provost; JAMES HOFFMAN in his individual
capacity and official capacity as Dean; ENRICO
PONTELLI in his individual capacity and
official capacity as Hearing Officer, and
NANCY ORETSKIN in her individual capacity
and official capacity.

      Defendants.

**DEFENDANT HOFFMAN'S MOTION TO DISMISS**
**FOR FAILURE TO STATE A CLAIM**

COMES NOW Defendant, James Hoffman ("Hoffman"), by and through his attorneys of record, Conklin, Woodcock & Ziegler, P.C. (Christa M. Hazlett and Darin A. Childers), and respectfully requests that this Court dismiss Plaintiff Dr. Gavin Clarkson ("Plaintiff")'s First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**BACKGROUND**

This Court has already once considered Plaintiff's pleadings under Rule 12(b)(6) and found them to be deficient in multiple respects. Plaintiff's original Complaint in this case was brought solely against the Board of Regents of New Mexico State University ("NMSU") and it raised several causes of action. (Doc. 1-1). NMSU thereafter filed a Motion to Dismiss (Doc. 14) and, on March 14, 2019, this Court entered an Order Granting in Part Defendant's Motion to Dismiss

1

and Plaintiff's "Counter Motion" to Amend. (Doc. 26). The Court's Order granted Plaintiff leave to amend, despite NMSU's arguments that the amendments as proposed by Plaintiff would be futile. In allowing Plaintiff leave to amend, the Court observed that the proposed amended complaint (Doc. 20-1) was deficient as to the § 1983 claims against certain defendants, including Hoffman. (Doc. 26, pp. 13-14 ("The Court agrees that for other individuals, the proposed complaint is deficient.")). The Court cautioned Plaintiff that the "deficiency may easily be addressed in a carefully drafted complaint." (*Id.*) The Court also noted that "[a]lthough certain elements of Clarkson's complaint would not survive a motion to dismiss—and for that reason the Court will not accept the amendment for filing—the Court is not prepared to deny leave to amend altogether." (*Id.*)

Despite the Court's admonition regarding correcting deficiencies through careful drafting, the First Amended Complaint subsequently filed by Plaintiff did not add sufficient detail regarding Hoffman to state a plausible claim for relief. Plaintiff's First Amended Complaint (Doc. 27) names four individual defendants[1] in addition to NMSU and it raises two causes of action—(1) breach of contract and (2) violation of due process rights under 42 U.S.C. § 1983. The breach of contract claim is directed at NMSU whereas the due process claim is directed at the four individual defendants, purportedly in both their official and individual capacities. (*Id.* at ¶¶ 76-93).

---

[1] Plaintiff's First Amended Complaint includes references to another individual defendant, Ralph Lucero, in paragraphs 84, 86, 87. The undersigned believes this to be a typographical error, as Mr. Lucero is not named in the caption or introductory paragraph, and there are no factual recitations related to him in the First Amended Complaint. Moreover, Plaintiff did not seek issuance of a Summons in relation to Mr. Lucero, did not serve him with process by the Court's Sept. 4th deadline, and does not raise his name in his recent, pending Request for Additional Time to Serve Two Remaining Defendants. (Doc. 33). Mr. Lucero's name in the First Amended Complaint appears to be a mere holdover from the original Complaint's erroneous allegation that he was the hearing officer for the Pre-Action Determination Hearing. (*Compare* ¶ 63 of Plaintiff's Complaint with ¶ 64 of Plaintiff's First Amended Complaint (Doc. 27)).

**STANDARD OF REVIEW**

A plaintiff must state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). When reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded allegations in the complaint as true. *Id.* at 678. Allegations that merely recite "labels and conclusions" or are "'naked assertion[s]" without factual development are not well-pled. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & 557 (2007). Although a plaintiff does not have to establish each element of a prima facie case, he or she still must provide sufficient facts to support a reasonable inference of liability. *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016).

**ARGUMENTS**

I. **Plaintiff's Due Process Claim Fails to State a Plausible Claim for Relief as to Hoffman**

   a. **The Section 1983 allegations against Hoffman are not sufficiently specific.**

Despite being granted a second bite at the proverbial apple, Plaintiff's First Amended Complaint still does not state a plausible claim for relief against Hoffman, whether in his official or individual capacity. As noted above, the Court already observed that the Plaintiff's proposed amended complaint (Doc. 20-1) failed to state a claim as to Hoffman and predicted that it would not survive a motion to dismiss, but the Court gave him another chance to correct the deficiency by allowing him to go back and file a carefully drafted complaint that provided sufficient detail. (Doc. 26, at pp. 12-13). Plaintiff either did not take the Court's admonition to heart, or Plaintiff simply does not have more factual allegations to support a due process claim under Section 1983 against Hoffman.

3

As a preliminary matter, it is not clear that Plaintiff added <u>any</u> further details or factual allegations against Hoffman when comparing the filed First Amended Complaint (Doc. 27) to the proposed version of the same the Court rejected (Doc. 20-1). The only possible addition related to Hoffman, who serves as the Dean of NMSU's College of Business, is found in paragraph 67 of the filed First Amended Complaint, which states:

> Despite swearing an oath to "tell the truth, the whole truth, and nothing but the truth," both the Dean and Defendant Oretskin refused to answer numerous relevant questions at the hearing regarding the tainting of the tenure process and Plaintiff's continued employment. Upon information and belief it is alleged that this was done in an effort to prevent Plaintiff from being afforded a full and fair hearing and interfered with his ability to present relevant facts to the hearing officer.[2]

Thus, Plaintiff's claim of due process violations under § 1983 against Hoffman rest, if at all, on Hoffman's alleged refusal to answer questions as a witness during the Pre-Action Determination Hearing held on April 1, 2018. (Doc. 27 at ¶¶ 63, 67). This is not enough to state a plausible claim for due process violations under Section 1983.

Because Section 1983 is a "vehicle[] for imposing personal liability on government officials, [the courts] have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls*, 718 F.3d at 1225-1226. "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Also insufficient is a plaintiff's more active voice yet undifferentiated contention that 'defendants' infringed his rights. *See Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998); *see also Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) ("The Complaint refers to actions of 'Defendants,' but that is not sufficient to

---

[2] For purposes of this motion, Hoffman assumes, but does not admit and is not sure, that Plaintiff is referring to him when he mentions "the Dean" in this paragraph.

4

show how Secretary Williams 'might be individually liable for deprivations of [Mr. Brown's] constitutional rights.'" (citation omitted). Rather, "it is particularly important' that plaintiffs 'make clear exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (alteration in original) (*quoting Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008); *Tonkovich*, 159 F.3d at 532; *see Lewis*, 604 F.3d at 1230 ("The record before us lacks any evidence suggesting Dr. Tripp's involvement in any of these . . . unlawful activities.").

Here, Plaintiff's mere allegation that Hoffmann "refused to answer numerous relevant questions at the hearing regarding the tainting of the tenure process and Plaintiff's continued employment" is insufficient to state a plausible claim under Section 1983. These allegations are vague and do not provide Hoffman with sufficient detail or fair notice as to why he is named in this lawsuit. The allegations also do not provide context as to what specific questions were asked, what objections to them were raised, and what rulings were made regarding the same by the hearing officer, so that the alleged refusal to answer can be properly understood. As the only apparent addition to related to Hoffman in his First Amended Complaint, this Court should continue to hold the pleadings as deficient and follow through with its prediction by dismissing them.

### b. Hoffman is entitled to qualified immunity

"State government officials performing discretionary functions enjoy qualified immunity under 42 U.S.C. § 1983." *Armijo v. Wagon Mound Public Schools*, 159 F.3d 1253, 1260 (10th Cir. 1998); *Anderson v. Creighton*, 483 U.S. 635 638-39 (1987). Qualified immunity works not merely as a defense to liability, but it also entitles a defendant to immunity from suit and the other demands

5

of litigation. *Tonkovich v. Kan. Bd. of Regents*, CIVIL ACTION No. 95-2199-GTV, 1996 U.S. Dist. LEXIS 18323, at *45 (D. Kan. Nov. 21, 1996). To defeat the defense of qualified immunity, a plaintiff must prove that the defendant violated a constitutional or statutory right that was clearly established at the time of the defendant's conduct." *McBeth v. Himes*, 598 F.3d 708, 716 (10th Cir. 2010) (internal quotation marks omitted); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A court can only justify denying the defense of qualified immunity if the plaintiff meets his heavy burden to show both an actual constitutional violation and the finding of particularized clearly established law that squarely governs the case at hand. *White v. Pauly*, 137 S.Ct. 548, 551 (2017).

A law is clearly established if there is a Supreme Court or Tenth Circuit decision on point or if the clearly established weight of authority from other courts sufficiently defines the right. *Farmer v. Perrill*, 288 F.3d 1254, 1259 (10th Cir. 2002); *White*, 137 S.Ct. at 551 ("for a [law] to be clearly established, 'existing precedent must have placed the statutory or constitutional question beyond debate.'") (internal quotation omitted). The plaintiff must "identify a case where an officer acting under *similar circumstances*...was held to have violated the Fourth Amendment." *White*, 137 S.Ct. at 552. Clearly established law must be "particularized" to the facts of the case. Otherwise, plaintiffs would be able to convert the rule of qualified immunity into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights. *Id.* (*citing Anderson*, 483 U.S. at 639-40).

Here, Hoffman enjoys qualified immunity and Plaintiff would need to identify caselaw establishing that Hoffman allegedly refusing to answer questions at the Pre-Action Determination Hearing violated his due process rights under the Fifth and Fourteen Amendments to the U.S. Constitution. To the contrary, caselaw from this Circuit clearly illustrates that a witness' refusal to

testify or answer questions at a university employment hearing, or the actual scope or substance of the witness' testimony at such a hearing, does not deprive the subject of the hearing of due process. *See Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 521-24 (10th Cir. 1998) (holding that due process claim against faculty member who refused to testify at plaintiff's hearing did not constitute deprivation of his procedural due process rights; holding likewise for other faculty members who did testify).

### c. Hoffman cannot be sued in his official capacity

Additionally, Plaintiff cannot maintain a § 1983 claim against Hoffman in his official capacity because "[n]either states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983." *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (*citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). To the extent Plaintiff's First Amended Complaint arguably makes a claim for prospective injunctive relief, such that suit against state officers in their official capacity may survive, that relief is clearly directed at Defendant NMSU and not Hoffman. (Doc. 27 at ¶ 94 ("Dr. Clarkson asks this court to issue an order enjoining NMSU from processing his termination …").

## II. Plaintiff's Breach of Contract Claim is Not Directed at Hoffman

On its face, Plaintiff's breach of contract claim is not directed at Hoffman, but, in the alternative, it also fails to state a plausible claim for relief against Hoffman. There are no factual allegations to warrant sustaining such a cause of action against Hoffman in either his official or individual capacity. Plaintiff does not allege that Hoffman was a party to any contract of employment he purportedly had. To the contrary, Plaintiff merely alleges that NMSU was the drafter of the contract and that "NMSU breached the plain language of the contract when Provost

Howard [. . .] revoked [Plaintiff's] leave of absence." (Doc. 27, at ¶¶ 78-79). Plaintiff does not allege any contractual duties that Hoffman had towards Plaintiff, nor does he claim or explain any breach of those duties by Hoffman. To the extent Plaintiff asserts a breach of contract claim against Hoffman, it too should be dismissed for failure to state a claim under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendant James Hoffman respectfully requests that this Court grant his Motion to Dismiss and for such further relief as this Court deems just and proper.

Respectfully Submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By: */s/ Darin A. Childers*
Christa M. Hazlett
Darin A. Childers
320 Gold SW, Suite 800
Albuquerque, NM 87102
(505) 224-9160
*Attorneys for Defendant Hoffman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of September, 2019, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Brian J. Pezzillo
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
bjp@h2law.com

*/s/ Darin A. Childers*
Darin A. Childers

8