IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. GAVIN CLARKSON, an individual

      Plaintiff,

v.                                                                                                  Civ. No. 2:18-cv-00870-KRS-GBW

BOARD OF REGENTS OF NEW MEXICO
STATE UNIVERSITY, DAN HOWARD in his
individual capacity and official capacity as
Provost; JAMES HOFFMAN in his individual
capacity and official capacity as Dean; ENRICO
PONTELLI in his individual capacity and
official capacity as Hearing Officer, and
NANCY ORETSKIN in her individual capacity
and official capacity.

      Defendants.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR
ADDITIONAL TIME TO SERVE TWO REMAINING DEFENDANTS**

COMES NOW Defendant, the Board of Regents of New Mexico State University ("NMSU"), through its counsel of record, Conklin, Woodcock & Ziegler, P.C. (Christa M. Hazlett and Darin A. Childers), and for its Response to Plaintiff's Motion for Additional Time to Serve Two Remaining Defendants [Doc. 47], states as follows:

**FACTUAL BACKGROUND**

1. More than ten months ago, this Court granted Plaintiff's request to amend his complaint on March 14, 2019, allowing Plaintiff to file an amended complaint naming four individual Defendants. (*See* Order Granting in Part Defendant's Motion to Dismiss and Plaintiff's "Counter Motion" to Amend, entered March 14, 2019, at p. 14 [Doc. 26]).

2. Plaintiff's First Amended Complaint was filed on March 29, 2019. [Doc. 27]

3. Plaintiff thereafter took no action to effectuate service against the four individual Defendants named in the First Amended Complaint—Dan Howard, James Hoffman, Enrico Pontelli, and Nancy Oretskin—and this Court subsequently entered an Order to Show Cause on July 18, 2019. [Doc. 30]

4. Plaintiff responded to the Order to Show Cause on July 25, 2019, indicating that through error of counsel, he had erroneously believed that the First Amended Complaint had already been sent for service upon the individual Defendants. (*See* Plaintiff's Response to Order to Show Cause, filed July 25, 2019 [Doc. 31]).

5. This Court thereafter vacated the Order to Show Cause and granted Plaintiff a thirty-day extension (i.e. until September 4, 2019) to effectuate service against the individual Defendants. (*See* Order Vacating Order to Show Cause, filed Aug. 5, 2019 [Doc. 32]).

6. In doing so, this Court did not make a finding of "good cause," but rather exercised its permissive discretion after Plaintiff's counsel conceded his mistake in failing to calendar or otherwise diligently effectuate service. (*Id.*).

7. Even after the Court issued its Order Vacating Order to Show Cause, and granted Plaintiff the thirty additional days to effectuate service, Plaintiff waited seventeen days (until Aug. 22, 2019) to seek the issuance of the necessary summons from the Court.

8. Plaintiff did not effectuate service on Defendants Dan Howard and Nancy Oretskin before the Court's Sept. 4, 2019 deadline.

9. Thereafter, on Sept. 6, 2019, Plaintiff asked the Court for additional time to serve Defendants Howard and Oretskin through the filing of a Notice of Compliance. [Doc.33]. Plaintiff's request said that the process server informed him that these Defendants no longer worked for NMSU, and had not been located.

10. Defendant Dan Howard retired from NMSU more than a year ago and his retirement was publicly announced on NMSU's website and to all employees more than 22 months ago. (*See* public announcement of Provost Daniel J. Howard, published Jan. 25, 2018, attached hereto as Exhibit A.).[1]

11. Defendant Nancy Oretskin also retired from NMSU more than a year ago—on July 1, 2018. Her retirement was likewise previously announced and Plaintiff in fact knew she had retired. (*See* screenshot of Plaintiff's Twitter post of Aug. 1, 2019, where he describes Defendant Oretskin as a "former NMSU professor," accessed Sept. 11, 2019, at https://mobile.twitter.com/drgavinclarkson/status/1157143085618323458, attached hereto as Exhibit B.)[2]

12. Based on the above, it should not have been a surprise to Plaintiff that he would not be able to serve Defendants Howard and Oretskin by sending a process server to NMSU's campus on the last day of the Court's thirty-day extended deadline.[3]

13. Defendant NMSU filed a Response to Plaintiff's Notice of Compliance and its request for additional time to serve the Defendants. Defendant NMSU objected to yet another extension of time because of Plaintiff's lack of diligence and the absence of any showing of good cause justifying the requested extension. [Doc. 34].

---

[1] Defendant Howard's retirement was also reported through local media in multiple articles. *See, e.g.*, Algernon D'Ammassa, *New Mexico State University announces search for new provost*, Las Cruces Sun News, July 27, 2018, accessed at: https://www.lcsun-news.com/story/news/education/nmsu/2018/07/27/new-mexico-state-university-announces-search-new-provost/853688002/.

[2] Defendant Oretskin is interviewed and quoted within the Santa Fe New Mexico article that Plaintiff's Twitter post shares and is noted as a "former professor at New Mexico State University." *See* Jens Erik Gould, *Most asylum-seekers at border will not qualify*, Santa Fe New Mexican, July 28, 2019, accessed at: https://www.santafenewmexican.com/news/local_news/most-asylum-seekers-at-border-will-not-qualify/article_1493bcd0-c583-5b42-bbcb-2e59bcfdf88c.html.

[3] Proof of service as to the other individual Defendants (James Hoffman and Enrico Pontelli) has not been filed, although Plaintiff makes multiple mention of the same in the now stricken Notice of Compliance. [Doc. 33]. If such returns of service are filed, they will show that Defendants Hoffman and Pontelli were personally served in the afternoon of September 4, 2019 at NMSU's campus. Defendant Hoffman has since been dismissed from this action. [Doc. 40].

14. The Court entered an Order Striking Plaintiff's Notice of Compliance on Sept. 23, 2019 because it did not comply with the Federal Rules of Civil Procedure. [Doc. 35]. The Order noted that if Plaintiff sought additional time to serve Defendants Howard and Oretskin, "Plaintiff shall file a motion."

15. At a status conference held on October 29, 2019, Plaintiff's attorney indicated "he will be filing a motion for an extension of time in which to serve Defendants Oretskin and Howard as soon as possible." Clerk's Minutes of Oct. 29, 2019, Status Conference [Doc. 43].

## ARGUMENT AND AUTHORITIES

This Court should deny Plaintiff's request for additional time to serve Defendants Howard and Oretskin because he has not been diligent in attempting to serve them, even after this Court has previously granted an extension and imposed a new deadline.

Fed. R. Civ. Pro. 4(m) provides:

Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

The Rule above mandates the Court determine whether there be good cause to extend the timeframe for service of process, but if there is not good cause, the Court must nonetheless exercise its discretion and either dismiss the case or extend the time. *Demente v. GEICO Gen. Ins. Co.*, No. 1:17-CV-00321 JB/JHR, 2018 U.S. Dist. LEXIS 25072, *26, 2018 WL 922359 (D.N.M. Feb. 15, 2018) (citing *Espinoza v. United States*, 52 F.3d 838, 840-42 (10th Cir. 1995). "A district court abuses its discretion [in deciding whether to dismiss a case for untimely service of process] if its decision is arbitrary, capricious, or whimsical. *Id.* (quoting *Smyers v. County of Atchison, Kan.*,

4

336 F. App'x 819, 820-21 (10th Cir. 2009) (unpublished)). "The good cause provision of Rule 4[(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Id*. (quoting *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). "[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice." *Id*. (quoting *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).

In considering whether to extend the time for service in the absence of good cause, the Court may consider a number of factors, including whether the statute of limitations would bar the refiled action or whether the defendants are evading service or concealing a defect in attempted service. *Id*. (citing *Espinoza, supra*, at 841-42).

Here, Plaintiff has not attempted to establish that good cause exists to yet again extend the deadline for him to serve process on these remaining, unserved Defendants. Other than a vague reference to "judicial efficiency" and "public policy," Plaintiff has also not addressed what factors exist to justify yet another extension in the absence of good cause. Plaintiff did not act with diligence following the Court's entry of its Order Vacating Order to Show Cause. Even when given multiple bites at the apple, Plaintiff has shirked his responsibility to promptly effectuate service of process. This includes Plaintiff's delay in seeking issuance of the summons from the Court and apparently waiting until the very last day to send a process server to NMSU to locate the individual Defendants (and, not surprisingly, only found two of them). Plaintiff knew, or should have known, that Defendants Howard and Oretskin would not be served on campus at NMSU because they had retired.

Plaintiff's lack of diligence has continued even after the Court entered its Order Striking Notice. To wit, Plaintiff waited an additional four months after this Court struck his request for

additional time before filing the instant Motion—this despite the fact that the Court's Order of Sept. 23, 2019 explicitly invited him to do so, and despite the fact that Plaintiff's attorney said at the Oct. 29, 2019, status conference that a motion for an extension would be filed imminently.

Furthermore, Plaintiff's Motion gives contradictory statements as to whether Plaintiff has even located Defendants Howard and Oretskin. On p. 1, Plaintiff notes that "[he] believes [he] has valid addresses where each may be served," but on p. 2 he states that "the Defendants cannot currently be located." [Doc. 47]. Given the past history of Plaintiff's attempts at service, it is unlikely that an additional extension will change anything.

Lastly, there is no indication or allegation that Defendants Howard and Oretskin have acted improperly or that they have attempted to evade service. And while they may generally be aware of the instant lawsuit, there is no indication that they have been provided a copy of the First Amended Complaint, such that Plaintiff could argue that service was moot or its delay non-prejudicial. In short, there is no good cause that mandates further extension of the deadline for service of process and Plaintiff has not provided any reasonable justification for its permissive extension.

## CONCLUSION

Based on the foregoing, Defendant NMSU respectfully requests the Court deny Plaintiff's Motion for Additional Time to Serve Two Remaining Defendants and, instead, dismiss the First Amended Complaint as to Defendants Howard and Oretskin.

Respectfully Submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By: /s/ Darin A. Childers
    Christa M. Hazlett
    Darin A. Childers

        320 Gold SW, Suite 800
        Albuquerque, NM 87102
        (505) 224-9160
        *Attorneys for NMSU*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of January, 2020, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Brian J. Pezzillo
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
bjp@h2law.com


*/s/ Darin A. Childers*
Christa M. Hazlett
Darin A. Childers