# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GAVIN CLARKSON,

      Plaintiff,

                                                       No. 2:18-cv-00870-KRS-GBW

v.

BOARD OF REGENTS OF NEW
MEXICO STATE UNIVERSITY, *et al.*,

      Defendants.

## ORDER DENYING MOTION TO EXTEND AND DISMISSING CLAIMS AGAINST DEFENDANTS ORETSKIN AND HOWARD WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on Plaintiff Gavin Clarkson's motion for an extension of time to serve two Defendants, Nancy Oretskin and Dan Howard. Having considered the motion, the served Defendants' response in opposition, as well as Clarkson's reply, the Court denies the motion and dismisses all claims against Oretskin and Howard without prejudice.

A plaintiff in a federal civil lawsuit must serve each defendant with a summons and a copy of the complaint within ninety days of filing the pleading. *See* Fed. R. Civ. P. 4(c)(1), (m). If the plaintiff fails to do so "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time"; however, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

In this case, Clarkson filed an amended complaint on March 29, 2019. (Doc. 27). When Clarkson failed serve any of the four individual defendants by July 18, 2019, the Court ordered Clarkson to show cause why the Court should not dismiss the matter against them. (Doc. 30). By

then the ninety-day period for service had expired. Clarkson responded he mistakenly believed the amended complaint had been sent for service and a calendaring error prevent his counsel from discovering the omission. (Doc. 31). Not determining whether good cause existed, the Court exercised its authority under Rule 4(m) to order service be accomplished by September 4, 2019. (Doc. 32).

September 4, 2019 came and went. On September 6, 2019, Clarkson filed a notice claiming he had served two defendants but could not locate Oretskin or Howard. (Doc. 33). The notice purported to make a tardy request for an additional thirty days to serve them. (*Id.*). The Court struck this filing because it violated the motion requirement of Fed. R. Civ. P. 7(b)(1). (Doc. 35). Rather than file a motion to rectify the problem, however, Clarkson did nothing. To address the failure to serve, the Court held a status conference on October 29, 2019. (Doc. 43). During that conference, Clarkson informed the Court he would move for an extension of time because he still could not locate Howard and Oretskin. (*Id.*). Clarkson never filed the motion to extend. It was not until January 14, 2020 that Clarkson sought additional time by filing the instant motion and only after the Court set the matter for another status conference.

The Court declines to order service by yet another date certain. The Court is therefore required to dismiss the claims against Howard and Oretskin unless there is good cause for an extension. No good cause is present. Although the difficulty in locating these Defendants may have been a colorable reason in July of 2019 when Clarkson learned these Defendants no longer worked at the University, there is no explanation of why service could not have been accomplished in the intervening five months. Even assuming the veracity of Clarkson's claim that he still thought Oretskin and Howard were associated with the University, though not

employed there, that fact should not have prevented Clarkson's process server from performing the "skip trace" needed to locate Oretskin and Howard in October of 2019.

Considering how long the case has been pending, the 327 days Clarkson had to serve Oretskin and Howard since filing the amended complaint, and the explanation for the delay, the Court finds that no additional time is warranted and Clarkson has failed to show good cause that would allow an extension.

**IT IS, THEREFORE, ORDERED** that Clarkson's motion to extend time (Doc. 47) is **DENIED.**

**IT IS FURTHER ORDERED** that all claims against Defendants Oretskin and Howard are **DISMISSED without prejudice**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.