IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. GAVIN CLARKSON, an individual

    Plaintiff,

v.                                                                                    Civ. No. 2:18-cv-00870-KRS-GBW

BOARD OF REGENTS OF NEW MEXICO
STATE UNIVERSITY, DAN HOWARD in his
individual capacity and official capacity as
Provost; JAMES HOFFMAN in his individual
capacity and official capacity as Dean; ENRICO
PONTELLI in his individual capacity and
official capacity as Hearing Officer, and
NANCY ORETSKIN in her individual capacity
and official capacity.

    Defendants.

### DEFENDANTS' FIRST MOTION IN LIMINE
### TO EXCLUDE EVIDENCE OF POLITICAL PARTY AFFILIATION OR
### ALLEGATIONS OF BIAS OR DISCRIMINATION
### BASED ON ANY PROTECTED CLASS

COME NOW Defendant Board of Regents of New Mexico State University ("NMSU") and Defendant Dr. Enrico Pontelli (collectively "Defendants")[1], by and through their attorneys of record, Conklin, Woodcock & Ziegler, P.C. (Christa M. Hazlett and Kathy L. Black), and for their First Motion in Limine to Exclude Evidence of Political Party Affiliation or Allegations of Bias or Discrimination Based on any Protected Class, state as follows:

Defendants move this Court to require that Plaintiff, his counsel, and all witnesses refrain from testifying, eliciting testimony, or commenting in front of the jury on the political party affiliation of any party, witness, or current or former employee of NMSU, or any allegations or

---

[1] The other defendants appearing in the caption were previously dismissed from the case.

1

implications that Defendants discriminated against Plaintiff based on any protected class.[2] Such evidence is irrelevant, unduly prejudicial, and will tend to confuse the issues for the jury. Plaintiff's counsel was contacted concerning this Motion and opposes this Motion.

## BACKGROUND

Plaintiff is a former untenured Associate Professor in the NMSU College of Business. NMSU terminated his employment effective April 27, 2018, when he failed to return to work as directed following an unpaid leave of absence. NMSU provided a Notice of Proposed Termination and held a pre-determination hearing on April 13, 2018, presided over by Defendant Pontelli.[3]

Plaintiff alleges bias on behalf of Defendant Pontelli in his role as Hearing Officer because he was a direct report to Provost Howard, the NMSU official who proposed Plaintiff's termination. Plaintiff makes the following specific allegations of bias:

> NMSU selected a hearing officer, Enrico Pontelli, who was not only hired by Provost Howard but directly reports to Provost Howard. Provost Howard was the lead "prosecutor" in the hearing, and despite [Plaintiff's] objections to the obvious conflict of interest, the hearing officer did not recuse himself. First Amended Complaint ("Complaint"), Doc. 27, ¶ 64.

> As expected, given the fundamental lack of due process and inherent conflicts of interest, the hearing officer ruled in favor of his direct superior and against [Plaintiff]. Complaint, Doc. 27, ¶ 70.

Plaintiff, in his Complaint, makes no allegations concerning political party affiliation, national origin, race, or Tribal affiliation as a possible source of bias by Dean Pontelli or any other NMSU official.

---

[2] Defendants do not seek to exclude questioning of jurors in *voir dire* concerning their preexisting knowledge of Plaintiff's political affiliation or political campaigns or his Tribal affiliation, to the extent such questioning is necessary to determine juror bias for or against any party based on their preexisting knowledge or familiarity with the parties.
[3] *See* Defendants' Motion for Summary Judgment (Doc. 74) Undisputed Material Facts ¶¶ 18-31; Exhibit K.

2

Yet Plaintiff's Complaint refers to his Native American heritage and his Tribal affiliation and includes an allegation that he was hired by NMSU to "do Indian stuff."  Complaint, Doc. 27, ¶¶ 3, 6.  Plaintiff also alleges that on January 5, 2018, he filed paperwork to enter the race for New Mexico's 2nd Congressional District as a Republican Party candidate.  Complaint, Doc. 27, ¶ 31.  On January 8, 2018, he formally announced his candidacy at a meeting of Dona Ana County Republicans.  Complaint, Doc. 27, ¶ 32.

During the pre-determination hearing, Plaintiff alleged that multiple NMSU officials were registered as members of the Democratic Party and that those officials acted against him because he was registered as a member of the Republican Party.  *Excerpts from Transcript of Pre-Determination Hearing*, attached as **Exhibit A**.  Plaintiff has also made repeated references to his Native American heritage and Tribal affiliation.  Despite the fact that Plaintiff has brought no claims concerning discrimination based on political affiliation, national origin, race, Tribal affiliation, or any other protected class, Plaintiff may seek at trial to introduce evidence of alleged bias or discrimination against him on these bases.  Such evidence would serve only to confuse and distract the jury, and to prejudice Defendants.  Defendants therefore ask the Court to exclude evidence of political affiliation and allegations of bias or discrimination based on any protected class.

## ARGUMENT

**A.   Evidence of political party affiliation and allegations of bias or discrimination based on any protected class are not relevant to this lawsuit.**

To be admissible, evidence must be relevant to the claims and defenses in the case; "[i]rrelevant evidence is not admissible."  Federal Rules of Evidence ("FRE") 402.  Evidence is

3

relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence, and . . . the fact is of consequence in determining the action." FRE 401.

Plaintiff's First Cause of Action is for breach of contract, alleged against NSMU. Plaintiff specifically alleges that Provost Howard breached the contract, in "unilaterally" revoking Plaintiff's leave of absence and in ordering Plaintiff to apply for tenure in the Fall of 2018 rather than the Fall of 2020. Complaint, Doc. 27, at ¶¶ 79, 80. Plaintiff makes no allegations concerning the motivation for the alleged breach on behalf of Provost Howard or any other NMSU employee.

Motivation for an alleged breach is not relevant to breach of contract claims. *See* New Mexico Uniform Jury Instructions ("UJI") 12-822. Plaintiff does not seek punitive damages for the breach of contract, nor does he allege an intentional tort related to the contract. *See Romero v. Mervyn's*, 1989-NMSC-081, ¶¶ 29, 34, 109 N.M. 249, 784 P.2d 992 (stating that while the purpose of awarding contract damages is compensation, not punishment, punitive damages are available for "[o]verreaching, malicious, or wanton conduct").

Plaintiff's Second Cause of Action under 42 U.S.C. § 1983 alleges violations of Plaintiff's procedural due process rights on the part of Dean Pontelli.[4] Evidence related to personal bias on the part of Dean Pontelli may be relevant, but Plaintiff's *only* allegation of bias on the part of Dean Pontelli is due to his professional relationship with Provost Howard.

Further, Plaintiff has no surviving claims against any other individuals. The political party affiliation of any party, witness, or other current or former NMSU are completely unrelated to his Complaint, as are allegations of bias or discrimination based on any protected class.

---

[4] Plaintiff may have intended to allege his section 1983 claim against NMSU, but NMSU is not a proper party because it is not a "person" under 42 U.S.C. § 1983. *See* Defendants' Motion for Summary Judgment (Doc. 74) for argument and authorities.

**B.    Evidence of political party affiliation and allegations of bias or discrimination based on any protected class could unfairly prejudice the jury.**

Even if relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

In the current polarized political climate, evidence concerning political party affiliation could unfairly prejudice the jury toward Dean Pontelli, or any other NMSU official, whether positively or negatively. Likewise, allegations of bias or discrimination based on any protected class could prejudice the jury against Defendants. "Unfair prejudice" results from evidence that provokes anger, inflames passions, or arouses sympathetic reactions. *See, e.g.*, *State v. Otto*, 2007-NMSC-012, ¶ 20, 141 N.M. 443, 157 P.3d 8 (prejudice is unfair when it goes "only to character or propensity"); *State v. Bailey*, 2015-NMCA-102, ¶ 20, 357 P.3d 423 (unfairly prejudicial evidence has an "undue tendency to suggest decision on an improper basis").

**C.    Evidence of political party affiliation and allegations of bias or discrimination based on any protected class would confuse and mislead the jury.**

Plaintiff brings no claims of discrimination based on political party affiliation or any protected class. If such evidence is introduced, the jury would be confused or misled on whether Plaintiff brings such claims, or whether such evidence could be relevant to the actions of officials accused of breach of contract or violations of due process. Such evidence should therefore be excluded under FRE 403.

## CONCLUSION

WHEREFORE, Defendants respectfully request the foregoing Motion in Limine to Exclude Evidence of Political Party Affiliation or Allegations of Bias or Discrimination Based on any Protected Class be granted.

5

Respectfully submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By: */s/ Kathy L. Black*
    Christa M. Hazlett
    Kathy L. Black
    320 Gold Ave., SW, Suite 800
    Albuquerque, NM 87102
    Tel. (505) 224-9160
    Fax (505) 224-9161
    cmh@conklinfirm.com
    klb@conklinfirm.com
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of March 2021, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Brian J. Pezzillo
HOWARD & HOWARD ATTORNEYS, PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
Tel. (702) 667-4389
Fax (702) 567-1568
bjp@h2law.com

*/s/ Kathy L. Black*
Kathy L. Black