**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DR. GAVIN CLARKSON, an individual

        Plaintiff,

v.                                                      Civ. No. 2:18-cv-00870-KRS-GBW

BOARD OF REGENTS OF NEW MEXICO
STATE UNIVERSITY, DAN HOWARD in his
individual capacity and official capacity as
Provost; JAMES HOFFMAN in his individual
capacity and official capacity as Dean; ENRICO
PONTELLI in his individual capacity and
official capacity as Hearing Officer, and
NANCY ORETSKIN in her individual capacity
and official capacity.

        Defendants.

**DEFENDANTS' SECOND MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF SELF-PLAGIARISM ALLEGATIONS**

COME NOW Defendant Board of Regents of New Mexico State University ("NMSU") and Defendant Dr. Enrico Pontelli (collectively "Defendants")[1], by and through their attorneys of record, Conklin, Woodcock & Ziegler, P.C. (Christa M. Hazlett and Kathy L. Black), and for their Second Motion in Limine to Exclude Evidence of Self-Plagiarism Allegations, state as follows:

Defendants request that during *voir dire* examination and trial, Plaintiff, his counsel, and all witnesses refrain from testifying, eliciting testimony, or commenting in front of the jury on the source and nature of allegations of self-plagiarism believed to have been directed toward Plaintiff in the spring of 2017. Such evidence is irrelevant, confuses the issues, and invades the privacy interests of individuals not a party to this lawsuit.

---

[1] The other defendants appearing in the caption were previously dismissed from the case.

1

# BACKGROUND

Plaintiff is a former untenured Associate Professor in the NMSU College of Business. NMSU terminated his employment on April 27, 2018, when he failed to return to work as directed following an unpaid leave of absence. NMSU provided a Notice of Proposed Termination and held a pre-determination hearing on April 13, 2018, presided over by Defendant Pontelli.[2]

The Notice of Proposed Termination ("the Notice") states that "just cause for your proposed termination is your refusal to return to duty following revocation of a previously approved leave without pay." Defendants' MSJ, Exhibit K. The Notice further states that on June 19, 2017, Plaintiff "sought leave for the express purpose of serving in a presidential appointment" and that NMSU approved the leave "[b]ased on this specific justification." *Id*. NMSU learned that Plaintiff resigned the presidential appointment effective December 29, 2017, and on January 12, 2018, revoked the leave without pay. Defendants' MSJ, Exhibit J. The Notice does not mention anything related to Plaintiff's performance as an Associate Professor, including no references to the quality of Plaintiff's scholarly publications.

Plaintiff alleges that in early 2017, months before he requested the leave of absence, an unknown NMSU faculty member submitted a "defamatory dossier" to his supervisors alleging "self-plagiarism" in his scholarly publications. Plaintiff makes the following specific allegations:

---

[2] *See* Defendants' Motion for Summary Judgment ("Defendants' MSJ") (Doc. 74) Undisputed Material Facts ¶¶ 18-31; Exhibit K.

> Approximately two weeks after [Plaintiff] attended the presidential inauguration in January 2017, a defamatory dossier was submitted to his supervisors alleging that he had engaged in plagiarism. Complaint, ¶ 15.
>
> The fake dossier contained passages that [Plaintiff] periodically re-uses, with proper attribution, from earlier articles. The fake dossier omitted these attributions in an attempt to persuade the Promotion & Tenure ("P&T") committee not to renew [Plaintiff's] contract. Complaint, ¶ 16.
>
> Based on information and belief, Defendant Oretskin[3] was involved in either the preparation, dissemination, or discussion of that defamatory dossier at [Plaintiff's] at prior [Promotion & Tenure] committee reviews. Complaint, ¶ 17.

If the Promotion & Tenure committee received and considered any allegations of self-plagiarism, such allegations had no effect on Plaintiff's employment. He was granted a contract for the 2017-2018 academic year. Defendants' MSJ, Exhibit E.

Plaintiff believes that former NMSU faculty member Dr. Nancy Oretskin "was involved in either the preparation, dissemination, or discussion" of the self-plagiarism allegations, and Plaintiff has repeatedly sought information on her role in making or discussing the allegations, if any, as well as the identity of the faculty member who prepared the "defamatory dossier." Dr. Oretskin is a licensed New Mexico attorney and Plaintiff filed a complaint against her with the Disciplinary Board of the New Mexico Supreme Court, alleging improper actions on her part in preparing or disseminating the allegations. *See* Defendants' Response in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Defendants' Response"), UMF #43. Dr. Oretskin requested five affidavits be prepared in her defense to the disciplinary complaint. *Id*.

---

[3] Dr. Nancy Oretskin is not a Defendant, as Plaintiff never served her, and this Court dismissed her from the case.

Prior to the pre-determination hearing regarding his proposed termination, Plaintiff requested those five affidavits. NMSU provided an affidavit prepared by Dr. Harikumar Sankaran, Plaintiff's Department Chair, as it was included in Plaintiff's departmental file. *Id.* NMSU did not provide the remaining four affidavits because they were prepared at the request of Dr. Oretskin for use in a non-university proceeding and therefore were not public records subject to disclosure under the Inspection of Public Records Act. Defendants' Response, Exhibit A, 113:20-114:7 (remarks of Lisa Warren, NMSU Associate General Counsel).

During the pre-determination hearing, Plaintiff made the allegations of self-plagiarism a significant portion of his opening statement then he questioned Dr. Oretskin and others about the source of the allegations and the authors of the four affidavits. Dean Pontelli cut off the questioning, ruling the subject of self-plagiarism allegations not relevant to the proposed termination of Plaintiff's employment for failure to return to work following an unpaid leave of absence. *Excerpts from the Transcript of the Predetermination Hearing*, attached as **Exhibit A**.

Plaintiff alleges that he was denied his procedural due process rights when NMSU did not provide the four affidavits prior to the pre-determination hearing and when Dean Pontelli "did not compel" witnesses to answer Plaintiff's questions concerning the self-plagiarism allegations (e.g., "Defendant Oretskin refused to answer numerous relevant questions at the hearing regarding the tainting of the tenure process"). Complaint, ¶¶ 60, 87.

## ARGUMENT

To be admissible, evidence must be relevant to the claims and defenses in the case;

4

"[i]rrelevant evidence is not admissible." Federal Rules of Evidence ("FRE") 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence, and . . . the fact is of consequence in determining the action." FRE 401.

Defendants assert that the source and substance of any allegations of self-plagiarism made in the spring of 2017 were not relevant to the proposed termination of Plaintiff's employment in the spring of 2018 and are not relevant now to Plaintiff's claims in this lawsuit. Plaintiff has made no factual or causal connection whatsoever between the allegations of self-plagiarism and his termination or the claims he brings in this lawsuit. Therefore, all evidence of the self-plagiarism allegations is unnecessary and irrelevant to resolving the contested issues.

Plaintiff's First Cause of Action is for breach of contract, alleged against NMSU. Plaintiff must prove the existence of a valid contract, breach by the Defendant, and damages. Plaintiff alleges that the "contract" in question is the "document granting [Plaintiff's] professional leave of absence." Complaint, ¶ 77. The document Plaintiff refers to is a letter from Provost Daniel Howard, granting Plaintiff's requested leave of absence. Defendants' MSJ, Exhibit I. That document makes no mention of allegations of self-plagiarism, nor any reference to the quality Plaintiff's academic research. The allegations of self-plagiarism are completely unrelated to Plaintiff's allegations that he had a valid contract with NMSU that allowed him to be on an unpaid leave of absence until January 2020.

Plaintiff's Second Cause of action is for violation of his procedural due process rights under 42 U.S.C. § 1983. Plaintiff alleges that Defendants improperly withheld the four affidavits and

5

that Dr. Pontelli improperly ruled testimony concerning the allegations of self-plagiarism not relevant to the issues in the pre-determination hearing. If Defendants were correct in deciding that documents prepared for a non-university proceeding and allegations made prior to Plaintiff's leave of absence were not relevant, then much of Plaintiff's claim under 42 U.S.C. § 1983 evaporates. If NMSU was wrong to withhold the four affidavits (assuming *arguendo* they were in NMSU's possession) and if Dean Pontelli was wrong on limiting testimony concerning self-plagiarism allegations, then possibly Plaintiff was prejudiced at the pre-determination hearing. The parties have already submitted evidence to the Court sufficient to resolve this contested relevance issue. Defendants' MSJ, Exhibits A, H - K, N, P; Defendants' Response, Exhibit A. The contested relevance question can be resolved as a matter of law without further evidence on the source and substance of the allegations, and without allowing the jury to be exposed to such confusing evidence. Defendants assert that the contested relevance question *should* be decided as a matter of law to avoid the invasion of privacy of individuals not a party to this litigation.

Even if relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403. Plaintiff filed a bar complaint against Dr. Oretskin, named her as a Defendant in this lawsuit but failed to serve her, and has named her as an anticipated witness at trial.[4] Plaintiff questioned Dr. Oretskin extensively

---

[4] Dr. Oretskin is no longer employed by NMSU. Plaintiff has not issued a subpoena for her testimony. Defendants will object to Dr. Oretskin as a witness as she has no knowledge of the claims and defenses in this lawsuit.

on this subject at the pre-determination hearing. Exhibit A; pp. 102-114 (highlighted portions). Dr. Oretskin testified that she was not the source of the allegations and that when an unidentified colleague told her about the allegations, she suggested that they be referred to Plaintiff's Department Head, Dr. Sankaran. Plaintiff is obsessed with learning the source of those allegations, perhaps with a vengeful motive. Evidence of the allegations of self-plagiarism could confuse the jury as to the claims in this lawsuit (e.g., there is no defamation claim or any claim that the self-plagiarism allegations had any role in Plaintiff's termination).

## CONCLUSION

WHEREFORE, Defendants respectfully request this Court to decide the contested issue of relevance as a matter of law and exclude any evidence or testimony concerning the source and substance of allegations of self-plagiarism.

Respectfully submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By: */s/ Kathy L. Black*
 Christa M. Hazlett
 Kathy L. Black
 320 Gold Ave., SW, Suite 800
 Albuquerque, NM 87102
 Tel. (505) 224-9160
 Fax (505) 224-9161
 cmh@conklinfirm.com
 klb@conklinfirm.com
 *Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of March 2021, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Brian J. Pezzillo
HOWARD & HOWARD ATTORNEYS, PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
Tel. (702) 667-4389
Fax (702) 567-1568
bjp@h2law.com


*/s/ Kathy L. Black*
Kathy L. Black