IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DR. GAVIN CLARKSON, an individual

        Plaintiff,

v.                                                                                       Civ. No. 2:18-cv-00870-KRS-GBW

BOARD OF REGENTS OF NEW MEXICO
STATE UNIVERSITY, DAN HOWARD in his
individual capacity and official capacity as
Provost; JAMES HOFFMAN in his individual
capacity and official capacity as Dean; ENRICO
PONTELLI in his individual capacity and
official capacity as Hearing Officer, and
NANCY ORETSKIN in her individual capacity
and official capacity.

        Defendants.

## DEFENDANTS' THIRD MOTION IN LIMINE
## TO EXCLUDE EVIDENCE OF LOST WAGES OR BENEFITS

COME NOW Defendant Board of Regents of New Mexico State University ("NMSU") and Defendant Dr. Enrico Pontelli (collectively "Defendants")[1], by and through their attorneys of record, Conklin, Woodcock & Ziegler, P.C. (Christa M. Hazlett and Kathy L. Black), and for their Third Motion in Limine to Exclude Evidence of Lost Wages or Benefits, state as follows:

Defendants move this Court to require that Plaintiff, his counsel, and all witnesses refrain from testifying, eliciting testimony, or commenting in front of the jury on Plaintiff's lost wages and benefits, unless first Plaintiff offers evidence that he attempted to mitigate his damages. Plaintiff has a duty to mitigate his damages and has not only failed to do so, but he has failed to even make reasonable efforts to mitigate his damages by seeking comparable employment.

---

[1] The other defendants appearing in the caption were previously dismissed from the case.

1

Allowing evidence and testimony concerning lost wages will tend to confuse the issues for the jury. Plaintiff's counsel was contacted concerning this Motion and opposes this Motion.

## BACKGROUND

Plaintiff is a former untenured Associate Professor in the NMSU College of Business. In June 2017, Plaintiff accepted a full-time position with the U.S. Department of the Interior and requested an unpaid leave of absence from NMSU. On June 28, 2017, then-Provost Daniel Howard granted Plaintiff's request for unpaid leave until January 2020. Defendants' Motion for Summary Judgment ("Defendants' MSJ"), Doc. 74, Undisputed Material Facts ("UMFs") 6-14.

Plaintiff resigned from his government position effective December 29, 2017. Provost Howard ordered him to return to work for the Spring 2018 semester. When Plaintiff refused to return to work as directed, Provost Howard proposed his termination. After a pre-determination hearing held on April 13, 2018, NMSU terminated his employment effective April 27, 2018. Defendants' MSJ, UMFs 15-33.

## ARGUMENT

Plaintiff seeks "[d]amages for lost income to compensate for his alleged wrongful termination from [NMSU]." Pretrial Order, Doc. 87, at 2. It is well-established that a party seeking economic damages for unlawful termination has a duty to use reasonable efforts to mitigate their damages. "Unquestionably, wrongfully discharged claimants have an obligation to use reasonable efforts to mitigate their damages." *McClure v. Indep. Sch. Dist. No. 16*, 228 F.3d 1205, 1214 (10th Cir. 2000), *quoting EEOC v. Sandia Corp.,* 639 F.2d 600, 627 (10th Cir.1980). "[A] plaintiff has a duty to mitigate his damages by being reasonably diligent in seeking employment substantially equivalent to the position he lost." *See Hudson v. Chertoff*, 473 F. Supp. 2d 1292, 1297 (S.D. Fla. 2007). Likewise, a party seeking to recover damages from breach of contract claim must attempt

to mitigate their damages. *McDowell v. Napolitano*, 1995-NMSC-029, ¶ 23, 119 N.M. 696, 703, 895 P.2d 218, 225 (holding that it was appropriate to instruct the jury in a breach of contract action that it should consider whether the Plaintiff exercised ordinary care to minimize or lessen his damages, and that damages caused by his failure to exercise such care cannot be recovered.)

Plaintiff's First Cause of Action is for breach of contract. Plaintiff specifically alleges that Provost Howard breached a contract by "unilaterally" revoking Plaintiff's leave of absence and ordering Plaintiff back to work in January 2018 rather than January 2020. Complaint, Doc. 27, at ¶¶ 79. It is Plaintiff's position that he should have been on *unpaid* leave from NMSU until January 2020. Plaintiff's Second Cause of Action under 42 U.S.C. § 1983 alleges violations of procedural due process in the termination of employment effective April 2018, but under Plaintiff's theory of the case any damages for termination of his employment would not have accrued until he would have returned to work in January 2020.

Whether Plaintiff seeks economic damages from his April 2018 termination date or the January 2020 date on which he would have resumed employment, Plaintiff has not met his affirmative duty to mitigate lost wages. To satisfy the duty, a plaintiff must take a proactive approach to finding new employment. *Dailey v. Societe Generale,* 108 F.3d 451, 455 (2d. Cir. 1997) (registering with employment agencies, interviewing for open positions, and discussing job prospects with friends and acquaintances satisfied the plaintiff's duty). A plaintiff who abandons the job search, or fails to pursue substantially equivalent employment with reasonable diligence fails to mitigate his damages. *See, e.g.*, *Fogg v. Gonzales,* 492 F.3d 447, 455 (D.C. Cir. 2007) (affirming district court's conclusion that plaintiff's failure to find other police work did not constitute failure to mitigate because the employer's for-cause termination had made any effort futile).

Plaintiff has not made reasonable efforts to mitigate his damages. On June 26, 2020, in response to an interrogatory seeking information on his efforts to find employment, Plaintiff admits he made no effort to find academic employment between April 2018 and June 2020. *Excerpt from Plaintiff's Response to Defendants' First Set of Interrogatories*, attached as **Exhibit A**. Plaintiff instead references three failed runs for political office.[2] Plaintiff further states that he was "in the process of submitting application materials" to seek employment as a law professor but had not actually done so. Plaintiff later supplemented his response, showing that he submitted the application materials on August 12, 2020. On October 9, 2020, Plaintiff testified in his deposition that the application materials had resulted in one job interview at a law school. *Excerpts from Plaintiff's Deposition*, attached as **Exhibit B**. When asked whether he was seeking employment at business schools, he stated that he had not found any openings for business law professors in New Mexico and that he had not applied for ethics positions because he would be unlikely to be selected. *Id*. When asked if he was seeking employment outside the academic arena, Plaintiff replied "[n]ot really." In summary, Plaintiff failed to take any steps to look for academic work until August 2020 and made only half-hearted efforts after August 2020.

Plaintiff has failed to make reasonable efforts to mitigate his damages and therefore Defendants request that *all* evidence of lost wages and benefits be excluded at trial. Alternatively, Plaintiff should only be allowed to present evidence of lost wages and benefits starting January 2020, which is consistent with his theory of the case.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request the foregoing Third Motion in Limine to Exclude Evidence of Lost Wages or Lost Benefits be granted.

---

[2] Plaintiff first ran for political office in January 2018, while still employed - and being paid - by NMSU. He lost in the primary election held on June 5, 2018.

Respectfully submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By: */s/ Kathy L. Black*
    Christa M. Hazlett
    Kathy L. Black
    320 Gold Ave., SW, Suite 800
    Albuquerque, NM 87102
    Tel. (505) 224-9160
    Fax (505) 224-9161
    cmh@conklinfirm.com
    klb@conklinfirm.com
    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22nd day of March 2021, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Brian J. Pezzillo
HOWARD & HOWARD ATTORNEYS, PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
Tel. (702) 667-4389
Fax (702) 567-1568
bjp@h2law.com

*/s/ Kathy L. Black*
Kathy L. Black