IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DR. GAVIN CLARKSON, an individual,**

**Plaintiff,**

                                                                             Civ. No. 18-870 KRS/GBW

**v.**

**BOARD OF REGENTS OF NEW MEXICO STATE UNIVERSITY, DAN HOWARD in his individual capacity and official capacity as Provost; JAMES HOFFMAN in his individual capacity and official capacity as Dean; ENRICO PONTELLI in his individual capacity and official capacity as Hearing Officer, and NANCY ORETSKIN in her individual capacity and official capacity.**

**Defendants.**

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE OF POLITICAL PARTY AFFILIATION OR ALLEGATIONS OF BIAS OR DISCRIMINATION BASED ON ANY PROTECTED CLASS

Plaintiff Dr. Gavin Clarkson, by and through his attorneys of record, the law firm of Howard & Howard Attorneys PLLC hereby files his Response and Opposition to Defendants' First Motion in Limine to Exclude Evidence of Political Party Affiliation or Allegations of Bias or Discrimination Based on Any Protected Class.

    **I.**      **INTRODUCTION**

This case arose because Defendants refused to provide Dr. Clarkson with adequate procedural due process after Defendants inappropriately terminated Dr. Clarkson's position as a tenure tracked associate profession at New Mexico State University ("NMSU"). Defendants now seek to prematurely exclude evidence in an attempt to gain the upper hand at the time of trial. Through Defendants' first Motion in Limine, Defendants request for this Court to step into the

1

shoes of the jury, which is improper.

As this Court is well aware, evidence is deemed relevant – and therefore admissible – if it has any tendency to make a fact of consequence more or less probable. Further, relevant evidence is only to be excluded from trial if its probative value is substantially outweighed by a danger of unfair prejudice to the opposing party. Here, Defendants have failed to demonstrate how Dr. Clarkson's political affiliation or his membership in a protective class as a Native American are irrelevant or how mention of the same would unfairly prejudice Defendants.

Instead, to exclude Dr. Clarkson's political affiliation, Defendants simply state that such affiliation would be unfairly prejudicial because of the "current polarized political climate." This is entirely inadequate given that Dr. Clarkson's political affiliation was indeed discussed during the pre-determination hearing and the entire basis of Dr. Clarkson's due process claim is that the pre-determination hearing was inadequate, tried by a bias hearing officer, and that he was fired for an illegitimate and discriminatory purpose. It should also be noted that as discussed in the Opposition to Defendants' Third Motion in Limine being filed concurrently with this Opposition, Dr. Clarkson attempted to mitigate damages he suffered by running for political office. Invariably, Dr. Clarkson's party affiliation will be included in the discussion of his attempts to run for office.

Defendants next seek to exclude reference to any protected class – and provide no specific examples or analysis of classes they seek to exclude reference to. Ostensibly, Defendants seek to exclude any reference to Dr. Clarkson's membership of the Chocktaw Nation, a federally recognized Indian tribe. Defendants have conceded that Dr. Clarkson indeed is a member of the Chocktaw Nation. This fact is relevant to Dr. Clarkson's professional credentials and his teaching of Native American studies. It will likely also arise in discussions

related to Dr. Clarkson professional employment while on leave from NMSU. Defendants have not set forth any facts or evidence to support their claim that evidence of Dr. Clarkson's Chocktaw Nation membership would unfairly prejudice Defendants at the time of trial.

Based on the foregoing, and as will be discussed further below, Dr. Clarkson respectfully requests that this Court deny Defendants Motion in Limine in its entirety. Defendants have failed to satisfy their burden of proving that Dr. Clarkson's political affiliation or his Chocktaw Nation membership are irrelevant to this matter or that the relevance is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

## II.    STATEMENT OF RELEVANT FACTS

As noted in Defendants' Motion, it is undisputed that both Dr. Clarkson's political affiliation and his Native American heritage were discussed during Dr. Clarkson's pre-determination hearing and throughout the instant lawsuit. *See* Motion, p. 3. Further, throughout the entirety of this matter, Dr. Clarkson has been steadfast in his claims against the Defendants. Put another way, Dr. Clarkson's political affiliation and Native American heritage have been foundational archetypes of his due process claims against Defendants. Dr. Clarkson's First Amended Complaint specifically alleges that "Defendants Dan Howard, James Hoffman, Ralph Lucero, and Nancy Oretskin deprived Dr. Clarkson of his constitutionally protected property interest in continued employment for an illegitimate and/or discriminatory purpose." *See* First Amended Complaint, ¶ 84, [Doc. 27] on file herein.

Dr. Clarkson has always argued in this matter that he was inappropriately terminated from NMSU based upon an illegitimate and/or discriminatory purpose. Dr. Clarkson maintains

that part of the reason or motivation for his unconstitutional termination from NMSU was because he was a registered republican and his superiors were registered democrats.

Dr. Clarkson's pre-determination hearing took place on April 13, 2018. The hearing was required to be a fair and impartial hearing pursuant to NMSU's own administrative rules. ARP § 10.50. From the very start of Dr. Clarkson's opening statement during the pre-determination hearing, Dr. Clarkson alleged that he was wrongfully discharged from NMSU because he was a republican. *See* Clarkson Hearing_Recording 1, at 10:00 – 11:00 [Doc. 75-1], attached to Dr. Clarkson's Motion for Partial Summary Judgment, on file herein. Thus, any argument that political affiliation is not relevant to Dr. Clarkson's claims in this matter should fall on deaf ears. Likewise, the granting of the Defendants' Motion would require redaction of the transcript from Dr. Clarkson's pre-determination hearing, however, Defendants have not identified any specific portions which they find inappropriate.

### III.   STANDARD OF REVIEW

"A motion in limine is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (internal citation omitted). Further, a motion in limine "gives a court the chance to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Cline*, 188 F.Supp.2d 1287, 1291 (D. Kan.2002) (internal citation omitted). Here, Defendants seek to preclude certain testimony or argument at trial under Federal Rules of Evidence Rule 401, 402, and 403. Specifically, Defendants seek to preclude evidence or testimony related to Dr. Clarkson's political affiliation and his Native American heritage.

Relevant evidence is admissible unless otherwise provided by the United States Constitution; a federal statute; the federal rules of evidence; or other rules prescribed by the Supreme Court. Fed. R. Evid. Rule 402.

Pursuant to Rule 401, evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Fed. R. Evid. Rule 401. However, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. Rule 403.

Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 Advisory Committee's Note. "Even if this type of prejudice is found, it must substantially outweigh the probative value of the evidence in order to be excluded under Rule 403." *United States v. Tan*, 254 F.3d 1204, 1212 (10th Cir. 2001) (citing Fed. R. Evid. 403) (emphasis added). "The district court has considerable discretion in performing the Rule 403 balancing test." *Id.*, 254 F.3d at 1211; *see also*, *Thompson v. State Farm Fire and Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994). Importantly, the Tenth Circuit has routinely found that the exclusion of evidence under Rule 403 that is otherwise admissible under the other rules "is an extraordinary remedy and should be used sparingly." *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999).

Here, Defendants misconstrue the relevance of this information. Again, evidence is relevant so long as "it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." *See* Fed. R. Evid. Rule 401. Just because evidence of Dr.

5

Clarkson's political affiliation and his membership of a protected class may harm their defense, this does not mean the evidence is not admissible.

### A. Testimony and Evidence of Dr. Clarkson's Native American Heritage Should Not be Excluded from Trial.

As noted above, Dr. Clarkson's Native American heritage was discussed during the pre-determination hearing and has been an undisputed fact contained in every one of Dr. Clarkson's pleadings in this matter. *See, e.g.*, Dr. Clarkson's Declaration in Support of Motion for Partial Summary Judgment, attached to Motion for Partial Summary Judgment as Exhibit 1, on file herein. [Doc. 75-1] Defendants' only argument to suppress evidence of Dr. Clarkson's Native American heritage is that Dr. Clarkson has not alleged any claims in this matter related to such heritage. However, in Dr. Clarkson's First Amended Complaint, it is clear that Dr. Clarkson's Native American heritage is interrelated or interwoven into his claims that Defendants' breached his due process right of law as well as his professional qualifications and work history. Specifically, Dr. Clarkson's First Amended Complaint alleges, in relevant part, that Defendants "Dan Howard, James Hoffman, Ralph Lucero, and Nancy Oretskin deprived Dr. Clarkson of his constitutionally protected property interest in continued employment for an illegitimate and/or discriminatory purpose." *See* First Amended Complaint, ¶ 84, on file herein. Thus, there should be no dispute that Dr. Clarkson's Native American heritage is relevant to his due process claim. As such, evidence of Dr. Clarkson's Native American heritage should only be excluded if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Defendants' Motion wholly fails to meet their extraordinary burden of excluding relevant evidence. In fact, Defendants fail to even offer a discernable argument how they would be

substantially prejudiced if Dr. Clarkson's Native American heritage is brought up during trial. As such, Defendants' Motion should be denied in its entirety.

      **B.    Testimony and Evidence Related to Other Protected Classes Should Not be Excluded as Defendants Have Failed to Identify the Evidence They Want Excluded.**

Defendants' Motion should be denied because they failed to state with the necessary degree of specificity what evidence it seeks to exclude. It is the movant's burden on a motion in limine to demonstrate that the evidence sought be excluded is inadmissible. *First Savings Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000). Indeed, it is well-established that it is within a court's discretion to deny a motion in limine that fails to identify the evidence to be excluded with particularity or to present its arguments with specificity. *United States v. Cline*, 188 F. Supp. 2d 1287, 1292 (D. Kan. 2002); *see also*, *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Meyers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y 1996) (motion to exclude any extrinsic evidence as to the meaning of various insurance policy provisions was "too sweeping in scope to be decided in limine" because it lacked the "necessary specificity with respect to the evidence to be excluded or the purported reason for the introduction of such evidence").

Here, aside from specifically requesting that evidence of Dr. Clarkson's political affiliation be excluded from trial, Defendants simply set forth generalized requests that fail to inform Dr. Clarkson and this Court what evidence they would like excluded from trial. Defendants offer no facts, analysis, or evidence to support their claim that all evidence of other protected classes should be excluded from trial. Consequently, Defendants failed to meet their burden and the Motion should be denied.

### B. Testimony and Evidence Related to Dr. Clarkson's Political Affiliation Should Not be Precluded at Trial.

Just as with Dr. Clarkson's Native American heritage, Dr. Clarkson's political affiliation is relevant to the instant litigation. Specifically, Dr. Clarkson's political affiliation is relevant to the issue of Defendants' motivation for improperly terminating Dr. Clarkson. Defendants' request to exclude any testimony or evidence relating to Dr. Clarkson's political affiliation is unsupported by evidence. Notably, Defendants' only evidence or "support" to exclude mention of Dr. Clarkson's political affiliation is their general statement that they would be unfairly prejudiced due to the "current polarized political climate." *See* Motion, p. 5. There is no dispute that Dr. Clarkson and Defendants' political affiliations were discussed both prior to and during the pre-determination hearing. Likewise, as discussed in the Opposition to Defendants' Third Motion in Limine being filed concurrently with this Opposition, Dr. Clarkson sought to mitigate his damages by running for political office. It would be virtually impossible for Dr. Clarkson to explain his running for political office without reference to his party affiliation.

As noted above, Dr. Clarkson clearly alleges that Defendants deprived him of "his constitutionally protected property interest in continued employment for an <u>illegitimate and/or discriminatory purpose</u>." *See* First Amended Complaint, ¶ 84, on file herein (emphasis added). Political affiliation is protected by the United States Constitution. *Hagan v. Quinn*, 867 F.3d 816, 824 (7th Cir. 2017). To prove discrimination motivated by political affiliation, an employee asserting a First Amendment claim on that basis must present evidence relevant to the question of whether the employee's political affiliation was a motivating factor in the employer's adverse employment action. *See Daza v. Indiana*, 941 F.3d 303 (7th Cir. 2019).

Should the Court grant Defendants' Motion, Dr. Clarkson will lose the ability to provide evidence to support his claim that her was terminated from NMSU for an illegitimate and/or

8

discriminatory purpose. Simply stating that the political climate is "polarized" does not meet Defendants' high burden to exclude relevant evidence from trial. Because political affiliation is relevant to Dr. Clarkson's claims and due to Defendants utter failure to provide substantial evidence to meet their burden to exclude relevant evidence, the instant Motion must be denied.

### IV.     CONCLUSION

Dr. Clarkson's political affiliation and his Native American heritage are both relevant and any danger of unfair prejudice to Defendants, de minimis. Consequently, Dr. Clarkson respectfully requests that this Court deny Defendants Motion in its entirety.

Dated:  April 9, 2021			Respectfully Submitted,


				HOWARD & HOWARD ATTORNEYS, PLLC

				 __/s/ Brian J. Pezzillo_____
				Brian J. Pezzillo, Esq.
				NM Bar #9029
				3800 Howard Hughes Pkwy., Ste. 1000
				Las Vegas, NV 89169
				Ph:  702-667-4839
				Facsimile: 702-567-1568
				bjp@h2law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of April, 2021 I filed the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' FIRST MOTION IN LIMINE TO EXCLUDE EVIDENCE OF POLITICAL PARTY AFFILIATION OR ALLEGATIONS OF BIAS OR DISCRIMINATION BASED ON ANY PROTECTED CLASS** electronically through CM/ECF system, which caused all counsel of record to be served electronically:

Christa M. Hazlett, Esq.
Kathy L. Black, Esq.
320 Gold SW, Suite 800
Albuquerque, NM 87102
klb@conklinfirm.com;
cmh@conklinfirm.com

HOWARD & HOWARD ATTORNEYS, PLLC

  /s/ Brian J. Pezzillo
Brian J. Pezzillo, Esq.
NM Bar #9029
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
Ph:  702-667-4839
Facsimile: 702-567-1568
bjp@h2law.com