IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DR. GAVIN CLARKSON, an individual

        **Plaintiff,**

v.                                                            Civ. No. 2:18-cv-00870-KRS-GBW

**BOARD OF REGENTS OF NEW MEXICO STATE UNIVERSITY, DAN HOWARD in his individual capacity and official capacity as Provost; JAMES HOFFMAN in his individual capacity and official capacity as Dean; ENRICO PONTELLI in his individual capacity and official capacity as Hearing Officer, and NANCY ORETSKIN in her individual capacity and official capacity.**

        **Defendants.**

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' WITNESSES

COME NOW Defendant Board of Regents of New Mexico State University ("NMSU") and Defendant Dr. Enrico Pontelli (collectively "Defendants")[1], by and through their attorneys of record, Conklin, Woodcock & Ziegler, P.C. (Christa M. Hazlett and Kathy L. Black) and submit their Objections to Plaintiffs Witnesses. Defendants object to Plaintiff's disclosed witnesses Dr. Nancy Oretskin.

## BACKGROUND

Plaintiff is a former untenured Associate Professor in the NMSU College of Business. Plaintiff alleges that in early 2017, an unknown NMSU faculty member submitted a "defamatory dossier" to his supervisors alleging "self-plagiarism" in his scholarly publications. Plaintiff makes the following specific allegations:

---

[1] The other defendants appearing in the caption were previously dismissed from the case.

Approximately two weeks after [Plaintiff] attended the presidential inauguration in January 2017, a defamatory dossier was submitted to his supervisors alleging that he had engaged in plagiarism. Complaint, ¶ 15.

The fake dossier contained passages that [Plaintiff] periodically re-uses, with proper attribution, from earlier articles. The fake dossier omitted these attributions in an attempt to persuade the Promotion & Tenure ("P&T") committee not to renew [Plaintiff's] contract. Complaint, ¶ 16.

Based on information and belief, Defendant Oretskin[2] was involved in either the preparation, dissemination, or discussion of that defamatory dossier at [Plaintiff's] at prior [Promotion & Tenure] committee reviews. Complaint, ¶ 17.

If the Promotion & Tenure committee received and considered any allegations of self-plagiarism, such allegations had no effect on Plaintiff's employment. He was granted a contract for the 2017-2018 academic year. Defendants' Motion for Summary Judgment ("Defendants' MSJ"), Doc. 74, Ex. E.

NMSU terminated Plaintiffs' employment on April 27, 2018, when he failed to return to work as directed following an unpaid leave of absence. NMSU provided a Notice of Proposed Termination and held a pre-determination hearing on April 13, 2018, presided over by Defendant Pontelli.[3] The Notice of Proposed Termination ("the Notice") states that "just cause for your proposed termination is your refusal to return to duty following revocation of a previously approved leave without pay." Defendants' MSJ, Exhibit K. The Notice further states that on June 19, 2017, Plaintiff "sought leave for the express purpose of serving in a presidential appointment"

---

[2] Dr. Nancy Oretskin is not a Defendant, as Plaintiff never served her, and this Court dismissed her from the case. (Doc. 52)
[3] *See* Defendants' MSJ, Undisputed Material Facts ¶¶ 18-31; Exhibit K.

and that NMSU approved the leave "[b]ased on this specific justification." *Id*. NMSU learned that Plaintiff resigned the presidential appointment effective December 29, 2017, and on January 12, 2018, revoked the leave without pay. Defendants' MSJ, Exhibit J. The Notice makes no mention of anything related to Plaintiff's performance as an Associate Professor, including nothing concerning the quality of Plaintiff's scholarly publications.

Plaintiff alleges denial of his right to procedural due process in the termination of his employment, in violation 42 U.S.C. § 1983, and breach of contract regarding his unpaid leave of absence.

## ARGUMENT

**Dr. Oretskin has no information regarding Plaintiff's claims and allowing her to testify risks the introduction of irrelevant and confusing evidence and the invasion of the privacy interests of non-parties to this case.**

Plaintiff states that he "may call" Dr. Nancy Oretskin "regarding her testimony at [Plaintiff's] pre-determination hearing as well as administrative proceedings involving [Plaintiff] and the role she played with regard to [Plaintiff's] termination." Plaintiff's Complaint contains no allegations that non-party Dr. Oretskin was involved in any way in Plaintiff's request for an unpaid leave of absence, the approval of that request, the revocation of that request, and Plaintiff's termination for failing to return to work.

Plaintiff instead believes – and is in fact, obsessed - Dr. Oretskin "was involved in either the preparation, dissemination, or discussion" of the self-plagiarism allegations, and Plaintiff has repeatedly sought information on her role in making or discussing the allegations, if any, as well as the identity of the faculty member who prepared the "defamatory dossier."

Dr. Oretskin is a licensed New Mexico attorney and Plaintiff filed a complaint against her with the Disciplinary Board of the New Mexico Supreme Court, alleging improper actions on her

3

part in preparing or disseminating the allegations. *See* Defendants' Response in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Defendants' Response"), UMF #43. Dr. Oretskin requested five affidavits be prepared in her defense to the disciplinary complaint. *Id*. Prior to the pre-determination hearing regarding his proposed termination, Plaintiff requested those five affidavits. NMSU provided an affidavit prepared by Dr. Harikumar Sankaran, Plaintiff's Department Chair, as it was included in Plaintiff's departmental file. *Id*. NMSU did not provide the remaining four affidavits because they were prepared at the request of Dr. Oretskin for use in a non-university proceeding and therefore were not public records subject to disclosure under the Inspection of Public Records Act. Defendants' Response, Exhibit A, 113:20-114:7 (remarks of Lisa Warren, NMSU Associate General Counsel).

During the pre-determination hearing, Plaintiff aggressively questioned Dr. Oretskin about the source of the allegations and the authors of the four affidavits. Dean Pontelli cut off the questioning, ruling the subject of self-plagiarism allegations not relevant to the proposed termination of Plaintiff's employment for failure to return to work following an unpaid leave of absence. *Excerpts from the Transcript of the Predetermination Hearing*, attached as **Exhibit A**.

Defendants filed a motion in limine (Doc. 89) seeking to exclude evidence of self-plagiarism as irrelevant, limited in probative value, and invasive of the rights of non-parties such as Dr. Oretskin, the unnamed four individual who prepared affidavits, and the unnamed factulty member who supplied the alleged "defamatory dossier." All of those arguments apply here as to the testimony Plaintiff seeks to elicit from Dr. Orekstin. Defendants assert that the source and substance of any allegations of self-plagiarism made in the spring of 2017 were not relevant to the proposed termination of Plaintiff's employment in the spring of 2018 and are not relevant now to Plaintiff's claims in this lawsuit.

Even if relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.  Plaintiff filed a bar complaint against Dr. Oretskin and named her as a Defendant in this lawsuit but failed to serve her.  Plaintiff questioned Dr. Oretskin extensively on this subject at the pre-determination hearing.  Exhibit A; pp. 102-114 (highlighted portions).  Dr. Oretskin testified that she was not the source of the allegations and that when an unidentified colleague told her about the allegations, she suggested that they be referred to Plaintiff's Department Head, Dr. Sankaran.  Plaintiff is obsessed with learning the source of those allegations, perhaps with a vengeful motive.  Evidence of the allegations of self-plagiarism could confuse the jury as to the claims in this lawsuit (e.g., there is no defamation claim or any claim that the self-plagiarism allegations had any role in Plaintiff's termination).

Dr. Oretskin has no knowledge of Plaintiff's allegations that NMSU's grant of leave contract was a contract, the alleged breach of that contract, or the circumstances regarding Plaintiff's termination.  The Court should deny Plaintiff's request for Dr. Oretskin to appear as a witness.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants ask the Court to strike Dr. Nancy Oretskin as a witness at trial.

    Respectfully submitted,

    CONKLIN, WOODCOCK & ZIEGLER, P.C.

    By: */s/ Kathy L. Black*
        Christa M. Hazlett
        Kathy L. Black

320 Gold Ave., SW, Suite 800<br>
Albuquerque, NM 87102<br>
Tel. (505) 224-9160<br>
Fax (505) 224-9161<br>
cmh@conklinfirm.com<br>
klb@conklinfirm.com<br>
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of April 2021, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Brian J. Pezzillo
HOWARD & HOWARD ATTORNEYS, PLLC
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
Tel. (702) 667-4389
Fax (702) 567-1568
bjp@h2law.com

*/s/ Kathy L. Black*
Kathy L. Black