FILED
United States Court of Appeals
Tenth Circuit

March 31, 2022

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

DR. GAVIN CLARKSON, an individual,

Plaintiff - Appellant,

v.

BOARD OF REGENTS OF NEW MEXICO STATE UNIVERSITY; ENRICO PONTELLI, in his individual capacity and official capacity as hearing officer,

Defendants - Appellees.

No. 21-2059
(D.C. No. 2:18-CV-00870-KRS-GBW)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MORITZ**, **KELLY**, and **CARSON**, Circuit Judges.

_____

Gavin Clarkson, proceeding pro se,[1] appeals the district court's entry of final judgment on claims he brought after New Mexico State University (NMSU)

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Clarkson proceeds pro se, we construe his filings liberally but do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

terminated his employment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Background

NMSU employed Clarkson as a tenure-track professor. In 2017, Clarkson accepted an appointment to serve as the Deputy Assistant Secretary for Policy and Economic Development (DASPED) at the U.S. Department of the Interior. But he wanted to continue his academic career, so he sought an unpaid leave of absence from NMSU. In his request, he discussed the work he would perform as the DASPED and how it would benefit NMSU. Because the initiatives he would be "responsible for developing and implementing" as the DASPED would not "happen overnight," he "request[ed] an extended leave of absence beginning Monday, August 14[, 2017,] and concluding when faculty report back to campus in . . . January of 2020," along with "the option, at [Clarkson's] election, to extend that leave until the faculty report in . . . January of 2021." R. at 212. In making this request, Clarkson acknowledged that his requested leave would be "substantially longer than normal," but stated that his "appointment as DASPED is an extraordinary opportunity that . . . justif[ies] an extended leave." *Id.* He also asked that his tenure review be postponed until the fall semester following his return.

Daniel Howard, the university's executive vice president and provost, "approve[d] [Clarkson's] first request, a leave of absence without pay until January of 2020." *Id.* at 214. Howard also wrote: "I am . . . willing to consider an extension until January of 2021, but I am going to require that you make a formal request for

2

this extension by August 30 of 2019, at which time I, or whoever is Provost at the time, will decide whether to grant the extension." *Id.*  And he agreed to pause Clarkson's "tenure clock." *Id.*

Clarkson resigned from the DASPED post in December 2017 to run for Congress.  Howard then informed Clarkson that the "agreement for leave without pay is . . . revoked" and demanded that Clarkson "return for duty on Tuesday, January 16, 2018." *Id.* at 215.  The parties dispute whether Clarkson returned as required, but do not dispute that Howard sent Clarkson a notice of proposed termination on January 24 due to Clarkson's alleged "job abandonment and insubordination." *Id.* at 216.

The university scheduled a hearing on Clarkson's proposed termination.  In advance of the hearing, the university provided Clarkson with documents relevant to its proposed action as well as the option to have his case heard by either a committee of three members of the faculty senate or a university dean.  Clarkson elected to have a dean hear his case, and the university selected Enrico Pontelli, the Dean of the College of Arts and Sciences, to conduct the hearing.

Clarkson had counsel at the hearing, at which Clarkson testified and questioned university officials.  Pontelli issued a written decision about a week after the hearing upholding the proposed termination.

Clarkson then brought this suit against the NMSU Board of Regents, alleging wrongful termination, race- and age-based discrimination, that the school's termination procedures violated his due process rights, and that the school's revocation of his leave of absence breached a contract he had formed with the school

3

regarding leave. In response to the Board's motion to dismiss, Clarkson agreed to dismiss the wrongful termination and discrimination claims and filed an amended complaint that pressed his remaining claims and added four individual defendants, including Pontelli. Clarkson later voluntarily dismissed his claims against one of the individual defendants, and the court dismissed the claims against two others because Clarkson did not serve them, leaving only the Board and Pontelli as defendants.

The district court later granted summary judgment to the remaining defendants. It concluded that neither the NMSU Board of Regents nor Pontelli, in his official capacity, were "persons" amenable to suits for damages under 42 U.S.C. § 1983. It further determined that to the extent Clarkson sought injunctive relief against Pontelli in his official capacity, the claim could not succeed because Pontelli lacked authority to grant the relief Clarkson sought. It also found that the § 1983 claim against Pontelli in his individual capacity failed because the evidence did not show Pontelli had violated Clarkson's constitutional rights. And it found Clarkson's breach-of-contract claim deficient because he defaulted on his obligation to serve as the DASPED and therefore could not "demonstrate due performance under the leave of absence agreement." R. at 524.

## II. Discussion

### A. The District Court's Dismissal of Claims

Clarkson argues the district court erred in dismissing his wrongful termination and discrimination claims. But he agreed to dismissal of these claims and sought permission to file an amended complaint asserting only claims for "breach of

4

contract" and "a violation of 42 U.S.C. § 1983 based on the denial of Dr. Clarkson's due process rights." R. at 74. He therefore waived appellate review of the district court's dismissal. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127 (10th Cir. 2011) (noting that when a "theory was intentionally relinquished or abandoned in the district court, we usually deem it waived and refuse to consider it").

**B. The District Court's Grant of Summary Judgment**

"We review de novo the district court's grant of summary judgment . . . ." *Ezell v. BNSF Ry. Co.*, 949 F.3d 1274, 1278 (10th Cir. 2020). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In conducting our review, "we view the evidence in the light most favorable to the non-moving party." *Ezell*, 949 F.3d at 1278 (internal quotation marks omitted). "After the moving party has identified a lack of a genuine issue of material fact, the nonmoving party has the burden to cite to specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks omitted). "The nonmoving party must be specific to satisfy its burden, either by citing to particular parts of materials in the record or by showing that the moving party has relied on insufficient or inadmissible evidence." *Id.* (internal quotation marks omitted).

To the extent Clarkson re-asserts arguments he presented to the district court, we affirm for substantially the reasons cited by the district court. We do not consider the arguments Clarkson raises for the first time on appeal because he does not argue that they support reversal under plain-error review. *See Richison*, 634 F.3d at 1131

5

("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court.").

## C. Clarkson's Request for Further Relief

Clarkson asks us to direct the district court to authorize him to amend his complaint and compel document production. He does not provide a record citation showing he asked for this relief in the district court, and we therefore decline his invitation. *See* 10th Cir. R. 28.1(A) (requiring parties to "cite the precise references in the record where the issue was raised and ruled on"); *United States v. Henson*, 9 F.4th 1258, 1274 (10th Cir. 2021) ("[A]s a general rule, we do not consider an issue not presented, considered, and decided by the district court." (emphasis and internal quotation marks omitted)), *petition for cert. filed* (U.S. Dec. 20, 2021) (No. 21-6736); *United States v. Suggs*, 998 F.3d 1125, 1141 (10th Cir. 2021) (noting that "we are a court of review, not of first view" (internal quotation marks omitted)).

## D. Clarkson's Motion to Supplement the Record

Clarkson attached 31 exhibits to his opening brief. He then filed a motion seeking to supplement the record to include 30 of these exhibits.

Under Federal Rule of Appellate Procedure 10(e), a party may modify the record on appeal "only to the extent it is necessary to 'truly disclose what occurred in the district court.'" *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) (brackets omitted) (quoting Fed. R. App. P. 10(e)(1)). "This court will not consider material outside the record before the district court." *Id.* Indeed, while "Rule 10(e)

6

allows a party to supplement the record on appeal," it "does not grant a license to build a new record." *Id.* (internal quotation marks omitted).

The exhibits Clarkson seeks to add to the record fall into three general categories: (1) documents not presented to the district court in any form; (2) documents presented to the district court in a different form, such as with different portions highlighted; and (3) copies of publicly available documents, such as NMSU regulations. Our precedent forecloses supplementing the record with documents from the first two categories because we "will not consider material outside the record before the district court." *Id.* And we need not supplement the record to include the documents in the third category because the documents falling in this category cited to or by the district court are already in the record. *See* R. at 208–11, 219–24. We therefore deny Clarkson's motion to supplement the record.

### III. Conclusion

We affirm the district court's entry of final judgment.

                              Entered for the Court

                              Paul J. Kelly, Jr.
                              Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

March 31, 2022

Gavin Clarkson
Native American Capital
2351 Eisenhower Avenue, Suite 2154
Alexandria, VA 22314

**RE:**   **21-2059, Clarkson v. Board of Regents of New Mexico, et al**
Dist/Ag docket: 2:18-CV-00870-KRS-GBW

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:   Kathy Black
      Christa M. Hazlett

CMW/na